IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:11cv11

| | | |
|---|---|---|
| **THRASH LIMITED PARTNERSHIP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| and **THOMAS L. THRASH** and wife, | ) | |
| **LORA R. THRASH,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

Pending before the Court is the Motion to Bifurcate [#10]. Plaintiff brought this action against the United States claiming a prescriptive easement over land owned by the United States. Plaintiff also contends that it is entitled to just compensation for the taking of its interest in this easement. The parties have agreed to bifurcate the issue of determination of the valuation of any alleged taken property and to suspend this issue until a later proceeding or trial. The parties also agree to delay discovery related to this issue pending a determination as to whether Plaintiff, in fact, has a prescriptive easement over the land in question. Accordingly, the parties move the Court pursuant to Rule 42(b) to enter an Order setting a separate trial for the issue of just compensation in the event that Plaintiff prevails at trial on the claim for a prescriptive

easement, and the United States elects to retain possession or control of the roadways at issue and excludes Plaintiff from access to this easement. After the filing of this motion, the parties filed a Joint Consent to United States Magistrate Judge Jurisdiction.

Upon a consideration of the record in this case and the parties' brief, the Court **GRANTS** the Motion to Bifurcate [# 10]. The Court finds that bifurcation of the trial of Plaintiff's claim for a prescriptive easement from the issue of just compensation is in the best interest of the parties and the Court. Accordingly, the Court **BIFURCATES** the issue of determination of the valuation of any alleged taken property and to **SUSPEND** this issue pending further order of the Court. The Court **STAYS** discovery related to this issue pending a determination as to whether Plaintiff, in fact, has a prescriptive easement over the land in question. If Plaintiff prevails at trial on its prescriptive easement claim, and the United States elects to retain possession of the easement, the Court will enter a scheduling order addressing Plaintiff's claim for just compensation.

Signed: August 8, 2011

Dennis L. Howell
United States Magistrate Judge